UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BURTTINA HENSON,

    Plaintiff,

    v.

CHEDDAR'S CASUAL CAFE,

    Defendant.

Case No. 14-cv-01249-JPG-PMF

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by the Plaintiff:

1. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

2. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, at the time of removal. Speculation of future medical bill and/or loss wages cannot be taken into consideration.

3. **Jurisdictional allegations are made "on information and belief."** "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n. 1 (S.D. Ill. 2006) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

At this time, Defendant has failed to properly demonstrate diversity and the required amount in controversy needed for this Court to exercise jurisdiction. Therefore, the Court hereby **ORDERS** Defendant Cheddar's Casual Cafe to **SHOW CAUSE** on or before **December 8, 2014,** why this case should not be remanded for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:** 11/17/2014

                                                  **s/J. Phil Gilbert**
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**