UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BURTTINA HENSON,

    Plaintiff,

        v.

CHEDDAR'S CASUAL CAFE,

    Defendant.

Case No. 14-cv-01249-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Cheddar's Casual Café ("Cheddar's") Motion (Doc. 28) for Summary Judgment. Plaintiff filed a timely response (Doc. 31).

I. **Background.**

Construing all evidence and drawing all reasonable inferences in Plaintiff's favor, the evidence established the following facts. On September 29, 2013, the Plaintiff and two companions went to Cheddar's for lunch. They were initially seated, but then requested to move to another table due to several noisy customers seated nearby. The Plaintiff and her companions followed a server to the new table and while in the process of changing tables, Plaintiff slipped and fell. After falling, Plaintiff noticed she was "wet" and it appeared to her that there was "something on floor that may have been wiped" because it looked "smeared." There is no indication by either party on what the liquid may have been, how it came to be on the floor, or the amount of time that the substance may have been on the floor.

This matter was initially filed in the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois and removed based on diversity of citizenship between all parties. Defendant now moves for summary judgment arguing that Plaintiff cannot establish an essential element of

her claim for negligence that the defendant had actual or constructive notice of the liquid.

II. **Standard**.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

III. **Analysis**.

"It is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Thus,

this Court sitting in Illinois, will apply the federal standard for summary judgment and Illinois law with regard to the negligence claim at issue.

To prevail in a cause of action for negligence, the plaintiff must show the defendant owed her a duty of care, the defendant breached that duty and the breach proximately caused injury. *See Marshall v. Burger King Corp.,* 222 Ill.2d 422, 305 Ill.Dec. 897, 856 N.E.2d 1048, 1053 (Ill. 2006). With respect to the duty element, a special relationship exists between a business and those it invites onto its property for business purposes. That special relationship may give rise to "an affirmative duty to aid or protect another against unreasonable risk of physical harm." *Id.* at 1058; *accord Reid v. Kohl's Dep't Stores, Inc.,* 545 F.3d 479, 481 (7th Cir.2008); *Peterson v. Wal-mart Stores, Inc.,* 241 F.3d 603, 604 (7th Cir.2001).

A common hazardous condition encountered by restaurants is a spill on the floor. Where there is heavy customer traffic, there is a significant danger that spills caused by employees and/or customers can precipitate an injurious fall. *Peterson,* 241 F.3d at 604. "The store's duty is not merely to prevent careless spillage by its employees but also to be on the lookout for spillage by whomever caused and to clean it up promptly." *Id.* Accordingly, a business can be liable for a customer's slipping on a spilled substance if (1) the substance was placed there by the negligence of the proprietor or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.,* the proprietor had constructive notice of the substance. *Hayes v. Bailey,* 80 Ill.App.3d 1027, 36 Ill.Dec. 124, 400 N.E.2d 544, 546 (Ill.App.Ct.1980); *see Culli v. Marathon Petroleum Co.,* 862 F.2d 119, 123 (7th Cir.1988).

When a customer slips on a spill that the business neither created nor knew about, the critical question is whether the business *should have known* about the spill—that is, whether it had constructive notice of the spill—such that its failure to detect it and clean it up or warn about it breached its duty of care. *See Reid,* 545 F.3d at 481–82; *Culli,* 862 F.2d at 123. Of course, a business is not required to continuously patrol its aisles on the lookout for spills, but it may be required to frequently and carefully patrol them, especially in areas where spills are likely. *Peterson,* 241 F.3d at 604–05 (citing *Hresil v. Sears, Roebuck & Co.,* 82 Ill.App.3d 1000, 38 Ill.Dec. 447, 403 N.E.2d 678, 680 (Ill.App.Ct.1980)).

To determine whether constructive notice is established because of the presence of the spill for a period of time, the Court examines both the length of time the spill existed and the surrounding circumstances. *Reid,* 545 F.3d at 843; *Peterson,* 241 F.3d at 605.   In *Hresil,* the Illinois Appellate Court held as a matter of law that the presence of a phlegm-like substance on the floor in the women's clothing department of an uncrowded self-service retail department store for ten minutes, as a matter of law, did not amount to constructive notice. *Hresil,* 38 Ill.Dec. 447, 403 N.E.2d at 680. Similarly, in *Reid,* the United States Court of Appeals held that an unmelted milkshake, spilled on the floor of an uncrowded department store that did not sell milkshakes within ten minutes before a customer slipped on it, did not put the store on constructive notice of the spill. *Reid,* 545 F.3d at 843.   However, there is no bright line rule on the amount of time and the determination depends on the circumstances of each incident.  A spill within a department store would be more likely to go unnoticed – given the size of the store and lack of food service – than a spill within a restaurant where food and drinks are continuously in motion.

In this case there is absolutely no evidence of the amount of time that the liquid was on the floor. "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479 (7th Cir. 2008).

However, Plaintiff argues that the substance was placed there by the negligence of the proprietor and that, "a reasonable inference can be drawn that Cheddar's actually created the condition that caused the plaintiff to fall by improperly cleaning up a prior spill." As such, Cheddar's had or is imputed with actual notice because Cheddar's created the condition.

> It is well settled that liability cannot be predicated upon surmise or conjecture as to the cause of an injury, and therefore proximate cause can be established only when there is a reasonable certainty that the defendant's act caused the injury. However, it is not essential that causation be shown by direct evidence. Causation may be established by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury. It is also not necessary that only one conclusion follow from the evidence. However, where from the proven facts the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that it exists is a matter of speculation, surmise, and conjecture, and the trier of fact cannot be allowed to draw it. It has also been stated that a fact cannot be established by circumstantial evidence unless the circumstances are of such a nature and so related to each other that it is the only probable, not merely possible, conclusion that can be drawn therefrom. *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 795-96, 721 N.E.2d 614, 620 (1999)(*internal citations omitted*).

Circumstantial evidence to consider includes whether the product was sold or related to the defendant's operation; the location of the substance; and whether it was more likely that the defendant or his employees, rather than a customer, dropped the substance on the floor. *Id.* at 801-02.

In this case, the substance is unknown. The location of the spill was immediately adjacent to the entrance/exit to the kitchen of the restaurant and the only person seen in the area prior to the fall was an employee of Cheddar's. Where, "the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to jury, without requiring defendant's knowledge or constructive notice." *Donoho v. O'Connell's, Inc.* (1958), 13 Ill.2d 113, 122 (1958).

IV.  **Conclusion.**

Although slight, when taken in the light most favorable to the plaintiff, there is evidence that could infer that an employee of the defendant dropped the substance on the premises. As such, there remains a genuine dispute as to a material fact which precludes summary judgment. Therefore, Cheddar's Casual Café's Motion (Doc. 28) for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  2/22/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
